McKinney, J.,
delivered the opinion of the Court.
The complainant, on the 25th December, 1841, recovered three several judgments against the defendant before a justice of the’ peace, amounting together to upwards of $400. Upon said judgments several executions were issued from time to time, and returned nulla Iona. On the 3d of June, 1852, other executions were issued on said judgments, which were levied by the sheriff of Hardeman county on the tract of land in the bill described, as the property of the defendant, no personal property being found. Said executions, with the sheriff’s return regularly endorsed thereon, were returned to the Circuit Court of Hardeman for an order of condemnation and sale, and a motion to that effect was entered of record. But, on examination, it turned out that the several notes and warrants upon which said judgments and executions were founded could not be found. The bill charges that the justice who rendered the judgments had removed beyond the limits of this State; and that the defendant Hewland was for a time his successor in office as justice of the peace, and had in his possession the official papers of his predecessor. And it is further charged that said notes and warrants had either been fraudulently withdrawn by said Hewland, while in his possession as justice of the peace, or that they had been lost or mislaid, so that the same could not be found. And by reason of the loss of said papers, the Circuit Court, under the statute, had not jurisdiction or authority to proceed to order the sale of said land. And to relieve the complainant against the consequences of this accident is the object of the bill.
*442 The defendant declined to answer the bill, and judgment pro eonfesso was regularly entered, and the cause set for hearing on the bill and exhibits. The Chancellor decreed for the complainant, and ordered the land to be sold for the satisfaction of the judgments. From this decree the defendant appealed to this Court.
There is no error in the decree of the Chancellor. The objection to the jurisdiction of a Court of Chancery to interpose in such a case, because, as is argued, the loss of the warrants might have been supplied in the Court of Law, is altogether untenable. First, because the objection, if well founded, was waived, under the act of 1851-2, by the failure of the defendant to take exception to the jurisdiction by demurrer. But, secondly, whether the Circuit Court, in a proceeding of this character, under the act of 1829, ch. 12, had power to supply the loss of the warrants, is a question not necessary to be decided in the present case, and we intimate no opinion upon it. If the power were admitted to exist, it is very clear that it would not affect the jurisdiction of a Court of Equity. The familiar principle need scarcely be repeated, that the jurisdiction of a Court of Equity is not affected by a statutory provision giving concurrent jurisdiction to a Court of Law, in the absence of any express or implied intention to oust the Court of Equity of its original jurisdiction. By causing executions to be levied on the land described in the bill, the complainant thereby acquired an inchoate lien upon said land, which he was hindered from perfecting and availing himself of by the accidental loss or wrongful act of the defendant, without any fault on the part of the complainant. In this aspect of the case, *443 there can be no donbt of the jurisdiction of a Court of Equity to relieve the complainant. And if, upon general principles, this were even doubtful, all doubt is obviated by the provision of the act of 1851-2, before referred to, which precludes all objections of this character, unless taken by demurrer. To prevent delay and circuity, it was competent to a Court of Equity to supply the loss or destruction of the warrants, and make effectual the inchoate lien fixed upon the land by the levy of the executions, by decreeing a sale of the land, or so much thereof as might be necessary for the satisfaction of the complainant’s judgments and the entire costs of this cause, and likewise the costs of the proceedings at law.
The decree will be affirmed.